## J. SIMMONS *vs.* MARTIN ANDERSON.

### November 14, 1890.

**Mortgage of Crops not a Lien on Land.**—A chattel mortgage on crops to be thereafter sown and raised on the land of the mortgagor constitutes no lien on the land, and will attach only to such interest as the mortgagor has in the crops when they come into being.

Plaintiff recovered a judgment of $84.55 against defendant, in justice's court, in an action for conversion of grain. An appeal, on questions of law only, to the district court for Swift county, was tried by *Baxter*, J., and the judgment of the justice was reversed. Plaintiff appeals from the judgment of the district court.

*E. T. Young*, for appellant.

*F. P. Olney*, for respondent.

MITCHELL, J. This was an action for the alleged wrongful conversion of certain grain, which plaintiff claimed under a chattel mortgage executed to him by one Maxwell. The defendant in his answer denied plaintiff's right to the property, and alleged ownership in himself. The burden was therefore on plaintiff to establish his claim.

The evidence, so far as it tends to prove anything, shows that on March 16, 1888, Maxwell executed to plaintiff a mortgage on all the crops which had been or might thereafter be sown, grown, or raised during the year 1888 on a certain tract of land then in possession of Maxwell. No crops had then been sown or planted on the land. About April 1st following, Maxwell leased the premises to defendant, who went into possession, and sowed, raised, and hence presumably owned, the crops. It does not appear that Maxwell ever had any interest in them. How plaintiff could expect to recover on such a state of facts it is difficult to conceive. When a person takes a mortgage on property in being, he acquires only the interest which the mortgagor has in it; and if he, as in this case, takes a mortgage on property not then in being or owned by the mortgagor, it can attach only to such property as the mortgagor thereafter acquires. A chattel mortgage on crops to be thereafter grown gives the mortgagee no interest in or lien upon the land. It attaches as a lien only on the interest which the mortgagor may have in the crops when they come into being.

A point is made that the evidence taken before the justice was not regularly certified to the district court, and ought not to have been considered by that court. The record fails to disclose any error in this regard, and the burden is upon an appellant to make the error of which he complains to affirmatively appear.

Judgment affirmed.