CARL J. CHRISTIANSON v. ANDREW J. NELSON.

April 20, 1899.

Nos. 11,396—(37).

## Chattel Mortgage on Future Crop—Tenant of Mortgagor's Administrator —Lien.

The owner of land mortgaged a crop to be thereafter sown and raised thereon. He died, and his administrator let the land to defendant, to be farmed on shares. The defendant sowed and raised a crop, and in October following this action was brought by the assignee of the mortgage to recover from defendant 55 bushels of the wheat so raised by him. *Held*, conceding, without deciding, that the mortgage attached to the administrator's one-third of the crop, it did not attach to defendant's two-thirds.

**Same—Findings Sustained.**

For all that appears, the crop may already have been divided, and the wheat replevied may be a part of defendant's share; and therefore the court correctly found for the defendant.

Appeal by plaintiff from a judgment of the district court for Kandiyohi county in favor of defendant, entered in pursuance of the findings and order of Qvale, J., upon stipulated facts. Affirmed.

*B. H. Bowler,* for appellant.

A chattel mortgage of a crop to be grown is valid, and the lien attaches as soon as the crop comes into existence. Minn. Linseed Oil Co. v. Maginnis, 32 Minn. 193; Miller v. McCormick Harvesting M. Co., 35 Minn. 399; Jones, Ch. Mort. § 143; Farmers v. Long, 27 Hun, 89; Ludlum v. Rothschild, 41 Minn. 218; Wood M. & R. M. Co. v. Minneapolis & N. E. Co., 48 Minn. 404; Dickey v. Waldo, 97 Mich. 255; 8 Am. & Eng. Enc. (2d Ed.) 312. The title to an undivided one-third of the grain passed to the administrator. The title of an administrator is official. Wiswell v. Wiswell, 35 Minn. 371; Weeks v. Gibbs, 9 Mass. 73; Hillman v. Stephens, 16 N. Y. 278. See Jones, Ch. Mort. § 239; 1 Story, Eq. Jur. § 553.

*A. F. Nordin,* for respondent.

Property not capable of identification cannot be mortgaged so as to give a valid lien. Herman, Ch. Mort. §§ 119, 300. A valid mortgage of growing crops may be made, provided they have a potential and substantial existence. Am. & Eng. Enc. 185. A mortgage on a crop to be sown will be treated as an executory agreement to mortgage, and will take effect when the crop is sown. Wood M. & R. M. Co. v. Minneapolis & N. E. Co., 48 Minn. 404. The lien will attach only to the interest which the mortgagor has when the crop comes into being. Simmons v. Anderson, 44 Minn. 487. See Brooker v. Jones, 53 Ala. 266; Merchants v. Lovejoy, 84 Wis. 601; Roy v. Goings, 6 Ill. App. 162; Cressey v. Sabre, 17 Hun, 120. An administrator cannot make a contract for his decedent or ratify his void transactions. Smith v. Brennan, 62 Mich. 349; 2 Cobbey, Ch. Mort. § 998.

CANTY, J.

On September 23, 1896, one Erick Strandberg was the owner of a certain tract of land in this state, and on that day mortgaged to the firm of Dahl, Peterson, Lunder & Co. all the grain to be grown on the land during the season of 1897, to secure the payment of $103.20 then owing by him to them. He died in December following, and one Andrew Strandberg was appointed his administrator in January. In March the administrator entered into a farm contract with defendant whereby the latter agreed to till and farm the land during the season of 1897, and whereby it was agreed that he should have two-thirds of the crop, and the administrator one-third of the same, and that the title to the whole crop should remain in the administrator until division. Defendant immediately entered into possession of the land under this contract, and sowed and raised a crop of wheat on the land, for which crop he furnished the seed. In October, 1897, Dahl, Peterson, Lunder & Co. assigned the mortgage to plaintiff; and immediately thereafter he commenced this action, and replevied from defendant 55 bushels of wheat so raised by him on the land. On the trial the district court, sitting without a jury, found for defendant, and plaintiff appeals from the judgment.

In our opinion, the judgment should be affirmed.

"A chattel mortgage on crops to be thereafter sown and raised on the land of the mortgagor constitutes no lien on the land, and will attach only to such interest as the mortgagor has in the crops when they come into being." Simmons v. Anderson, 44 Minn. 487, 47 N. W. 52.

Such a mortgage will not attach to the interest so acquired by such a cropper. Id. Conceding, without deciding, that for the purposes of this case the administrator stands in the shoes of the mortgagor, and that the chattel mortgage attached to the interest of the administrator, it does not appear that the administrator had any interest in the 55 bushels of wheat so replevied. It simply appears that the wheat was raised by defendant on said land under his said farm contract. The burden was on the plaintiff to make out a case, and, for all that appears, the grain might already have been divided, and the administrator have taken his one-third, when

this action was brought, and the wheat replevied may be a part of the other two-thirds, which belong to defendant.

Judgment affirmed.

The following opinion was filed June 28, 1899:

PER CURIAM.

A motion for reargument was granted in this case after the former opinion was filed. The facts recited in the former opinion appear from a written stipulation of facts on which the case was tried in the court below. This stipulation contains at the end thereof the following provision:

"Plaintiff is, and since October 23, 1897, has been, the owner and entitled to the possession of said property in dispute, unless the above-stated facts prevent."

On the first argument nothing was claimed for this provision, and our attention was not called to it. The reargument was granted on the question of what effect should be given to this provision in disposing of the case. In our opinion, this part of the stipulation should be given no greater effect than to change the burden of proof from plaintiff to defendant, so that, if the facts stipulated make a prima facie case for defendant, he should still prevail. The complaint alleges, and the stipulation admits, that defendant was in possession of the wheat when the action was commenced, and that he raised it. The other facts stated do not show that his possession is wrongful, or that the wheat is not his, but tend to prove the contrary. Then all the facts stipulated make out a prima facie case for defendant. Appellant seems to contend that the meaning of the above-quoted provision is that, if it is possible for any additional facts to exist which would show that plaintiff, and not defendant, is the owner, and which are consistent with the facts stipulated, the decision should be for plaintiff. We cannot give the provision so great an effect.