(February 20, 1911.)

ORVILLE M. COLLINS, Appellant, v. WILBUR R. BROWN et al., Respondents.

[114 Pac. 671.]

PLEADING — SERVICE OF CROSS-COMPLAINT — CONFLICTING EVIDENCE — CORRECTION OF MORTGAGE.

(Syllabus by the court.)

1. Where one of several defendants has filed an answer and a co-defendant desires to adopt the same answer, he may do so by filing an answer in which he states that he joins in the answer of his co-defendant and desires to make the same a part of his answer as fully as if set out in full and in detail in his own pleading.

2. Where a defendant files a cross-complaint and all the parties to be affected thereby have appeared in the main action and are represented by counsel, it is a sufficient service of such cross-complaint to serve the same upon the attorneys who have appeared for the respective parties affected thereby.

3. Evidence examined with reference to the genuineness and execution of a certain instrument, and *held,* that it is sufficient to support the findings of the trial court.

4. Evidence examined as to the interest retained by a mortgagor in crops to be grown, and *held,* that the same is sufficient to support the findings of the trial court, and that the statute, sec. 3406, Rev. Codes, authorizes the conclusion of law drawn by the trial court to the effect that the crop was liable in the hands of a third party to the extent of the interest retained therein by the mortgagor.

5. Where the evidence shows that the true and correct description of a tract of land was in "township 37 north of range 5, W. B. M.," and by mutual mistake and clerical error the description was written "township 37 north of range 5, E. B. M.," and the true description of the land intended to be described is known to all the parties affected by the action, it was proper for the trial court to correct the description to conform to the true purpose and intention of the parties.

APPEAL from the District Court of the First Judicial District, for Shoshone County.　Hon. W. W. Woods, Judge.

Action by plaintiff to foreclose a chattel mortgage.　Cross-action by one of the defendants to foreclose a chattel mortgage.　Judgment in part for the plaintiff and in part for the defendants, from which both parties appeal.　*Affirmed.*

Eugene O'Neill, for Appellant.

The personal service of the cross-complaint is the method directed by the legislature for acquiring jurisdiction to prosecute the cross-complaint as against a cross-defendant. Without this personal service the cross-plaintiff had no jurisdiction as to his mortgage foreclosure against the plaintiff Collins' mortgage. (Rev. Codes, sec. 4188; *White v. Patton,* 87 Cal. 151, 25 Pac. 270; 5 Ency. Pl. & Pr. 683; Fitnam's Trial Procedure, sec. 252.)

The reformation of the mortgage is merely a matter of right as between the parties and those having knowledge of the land intended to be described. All parties to this transaction knew what land was meant, and there was a perfect right of reformation in this case. (24 Am. & Eng. Ency. of Law, 2d ed., 654, 655; *Parish v. Camplin,* 139 Ind. 1, 37 N. E. 607; *Perkins v. Canine,* 113 Mich. 72, 71 N. W. 457; *Christensen v. Hollingsworth,* 6 Ida. 87, 91, 96 Am. St. 256, 53 Pac. 211.)

George W. Tannahill, for Respondents.

The class of cases in which personal service is required is radically different from the case at bar, and service of a cross-complaint is not a case that would require personal service upon a party who had duly appeared in the action. Service on the attorney in cases of this kind was not only proper and admissible, but the only service that should have been made. (Sec. 1015, Cal. Code Civ. Proc.; sec. 4893, Rev. Codes of Idaho; *Matthews v. Superior Court,* 70 Cal. 527, 11 Pac. 665; *Silva v. Serpa,* 86 Cal. 241, 24 Pac. 1013; *Lacosta v. Eastland,* 117 Cal. 673, 49 Pac. 1046; *In re Nelson's Estate,* 128 Cal. 242, 60 Pac. 772.)

The sum of $1,171.63 was ordered and directed to be paid to plaintiff Orville M. Collins from the moneys in the hands of the receiver, the proceeds of the sale of two-thirds of John Troutman's 1909 grain crop placed in said receiver's hands, the other one-third of the crop having been delivered to the appellant and accepted by him as rental of the land in question. This cross-appellant appeals from such portion of such judgment and decree on the grounds that the same is contrary to law and unsupported by the evidence.

Assuming for the purpose of this argument the plaintiff might have some latent right to demand that this money be applied in part satisfaction of the mortgage debt, by his own actions he must be deemed to have waived any such right. (7 Cur. Law. 1227, 1228, 1229; *Watson v. Perkins,* 88 Miss. 64, 40 So. 643; *Pederson v. Christofferson,* 97 Minn. 491, 106 N. W. 958.)

AILSHIE, J.—The motion by cross-appellants to dismiss the appeal is not well taken, and is therefore denied.

In this case the plaintiff, Orville M. Collins, has appealed from the judgment, and the defendants, T. Driscoll and John Troutman, have also appealed.

This action was commenced by the appellant for the foreclosure of a chattel mortgage executed in favor of appellant by Wilbur R. Brown and Leonard L. Brown, two of the respondents herein. The defendant Driscoll filed a cross-complaint for the foreclosure of a chattel mortgage executed against the same property by defendant Troutman. These mortgages were executed on growing crops.

In the very inception of the case, two questions of practice were presented to the trial court and are preserved and argued here. The defendant Troutman answered at length, making specific denials and traversing the allegations of the complaint at length. The defendant Driscoll thereafter filed a verified answer as follows: ''Comes now the defendant herein, T. Driscoll, and for his answer to the plaintiffs' second amended complaint on file herein, joins in the answer of John Troutman heretofore served and filed herein, and makes the same a part hereof as fully as if here set out and asks the court to be permitted to join in said answer.'' This answer was followed with a prayer for relief and was duly verified. It does not appear that any order was made by the court with reference to this answer at all. The plaintiff raises the point that a codefendant cannot answer a complaint in this way where the complaint is such that it requires specific denials. We do not think the point is well taken. Our practice is cumbersome enough as it is without inviting any additional burdens. It is self-evident that a defendant who will file a verified answer in the form of the answer made by Driscoll will, if required to do so, make specific denials as required of defendants generally. Where a codefendant has filed his answer and another defendant wishes to answer to the same effect and to adopt the answer of his codefendant, we know of no statute or rule of law

which would prevent him doing so in the form and manner adopted by Driscoll in this case, and we can see no injury that might result to anyone from such a practice.

The cross-complaint filed by Driscoll was served on the attorneys for the parties affected thereby, and was not served on the individuals in the manner in which service of process is made when an action is originally commenced. Appellant raises the question that under the provisions of sec. 4188, Rev. Codes, a cross-complaint must be served upon the parties instead of upon their attorneys, and that they are entitled to the statutory time thereafter in which to answer, the same as upon the service of summons. Sec. 4188 provides that, "The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint." There can be no question about the correctness of appellant's position with reference to the service of a cross-complaint and the time for appearance as against a party who has not appeared in the original action or who was not a party to the original action, but a different rule should prevail as to all parties to the action who have appeared in the case. By the provisions of sec. 4889, where a party has appeared in the action by attorney, the service of notices and other papers thereafter requiring service in the same case may be made upon the attorney, and sec. 4893 provides that, where a party resides out of the state and has appeared in an action and has no attorney resident of the state, the service may be made on the clerk for him. Where the parties to be served by cross-complaint are already in court, there can certainly be no valid objection to the service of the cross-complaint on their attorneys instead of upon the parties personally.

This brings us to the question as to the validity of the mortgage held by the plaintiff. The appellant Collins owned a tract of some 680 acres of land near Genesee, and leased the same to the respondents Wilbur R. Brown and Leonard L. Brown for a term of five years. At the time of the lease there was about 600 acres of the tract of land that had been summer-fallowed, and the appellant also had some machinery

and stock on the farm. He sold the summer-fallowing and the machinery, stock and implements to the lessees, the Browns, for the sum of $5,000, taking seven promissory notes secured by a chattel mortgage which covered the crops thereafter·to be sown and grown on the land for the full period of the lease. Under the terms of the lease, the lessor was to receive one-third of the crop as rental. The lessees raised a crop the first year of the lease, but in the second year they failed to raise any crop at all. During that year, however, they summer-fallowed about 600 acres which was ready for a crop the following year, which was the third year of the lease. Before the crop was seeded for the third year, the lessees sold and assigned their lease to the respondent John Troutman, and at the same time sold the machinery and implements and their work in summer-fallowing to Troutman for something like $3,000. Before making this sale, however, they procured from appellant a writing whereby he consented to the sale and relinquished certain rights. There is a sharp conflict, however, over the genuineness of this instrument, to which we will refer hereafter. The instrument is as follows:

"Genesee, Idaho, Dec. 26, 1907.

"This is to certify that I, O. M. Collins, the undersigned, does hereby give Wilbur Brown and Leonard Brown the right to sell their plowing or summer fallow before seeding and apply the proceeds as wages for their time and labor. Also the purchaser must comply with the terms of this lease of which this agreement is attached. This agreement becomes a part of said lease.

"(Signed)    O. M. COLLINS."

The respondent Troutman contends that under the provisions of sec. 3406 the crop raised by him was not liable to the mortgage executed by the Browns to appellant, while appellant, on the other hand, contends that this provision of the statute was never intended to invalidate a mortgage existing under circumstances such as exist in this case. Section 3406 of the Rev. Codes provides as follows:

"Chattel mortgages may be made upon all property, goods or chattels, not defined by statute to be real estate, upon

growing crops, and upon crops to be sown and grown in the future; but, should the person executing mortgages upon crops to be afterward sown, fail to sow or cause the same to be sown, no lien of such mortgages shall attach to crops sown by other persons upon the lands described in said mortgages, except in so far as the mortgagors in said mortgages have or retain interests in said crops.''

It is claimed that under that portion of the section which provides that if the person who executes the mortgage on a crop which is afterward sown should ''fail to sow or cause the same to be sown, no lien of such mortgages shall attach to the crop as sown by other persons upon the lands described in the mortgage,'' etc., the crop sown and raised by Troutman is not liable for appellant's mortgage. It is also claimed by counsel for Troutman that under the instrument executed by appellant authorizing the sale herein, appellant waived his right of mortgage even if he would have otherwise had any right. This requires a consideration of the authenticity and validity of the instrument termed a relinquishment, dated December 26, 1907, for the reason that if it be valid, it would render a consideration of the foregoing statute unnecessary in this case. The original writing has been submitted to us for our consideration. We have examined it very carefully and have likewise examined the evidence as given by the respective parties and their witnesses touching the genuineness of this paper. We are frank to say that if it were an original proposition with us, we would be inclined to find against the authenticity and genuineness of this instrument. There is, however, substantial evidence by very responsible and reputable citizens to the effect that this is a genuine instrument. The cashier of one of the banks with which appellant has done business testifies that if a check were presented to his bank containing the signature as it appears on this paper, that he would have no hesitancy in paying it. Others testify to its genuineness, and one of the respondents testifies that he saw it signed by appellant. Under the rule as to findings made on conflicting evidence, the evidence found in the record in this case is sufficient to support the finding that this is a.

genuine document executed by appellant himself. There is much evidence in the case, however, which would tend to discredit the instrument and lead to the conclusion that it was not an instrument executed by Collins, but it would be of no use to recite it here.

Since it must be conceded for the purposes of this case that the writing executed by Collins on December 26, 1907, heretofore set out, is authentic and was executed by appellant, it is in our judgment unnecessary to consider as to whether or not the statute, sec. 3406, *supra,* applies to a case of this kind. By this instrument Collins authorizes the Browns to sell their plowing and summer-fallow before the ground was seeded and to apply the proceeds as wages for their time and labor. He likewise accepted the purchaser as a lessee, and provided therein that the purchaser should comply with the terms of the lease to which the agreement was attached. This would clearly preclude the lessor Collins from pursuing the crop which might hereafter be raised by the purchaser under the terms of the mortgage executed by the Browns. It would amount to a relinquishment as to anyone who might purchase under authority of that instrument, and to attempt to hold the mortgage against the crop subsequently raised by such a purchaser would be a fraud on the purchaser which the law would not permit the lessor to perpetrate.

The lands which were described in the mortgage and which were actually leased by the Browns are situated in township 37 north of range 5, W. B. M., in Nez Perce county, but by a mistake or inadvertence the description as was written in the mortgage read, township 37 north of range 5, E. B. M. in Nez Perce county. The appellant sought to have this error or mistake corrected by the court to conform to the real purpose and intent of the parties. The court found that this was in fact a clerical error and mutual mistake, and that all the parties to the action knew of the mistake and knew that the lands really meant and intended were the lands occupied and cultivated by the Browns and subsequently by Troutman. The court was clearly right in thus finding and in ordering the mortgage amended to conform to the true facts.

Many other questions subordinate and incidental to those just considered have been presented, but we think it unnecessary to treat them further here. We are satisfied that the judgment from which appellant has prosecuted this appeal should be *affirmed,* and it is so ordered.

The cross-appeal taken by the cross-appellants Driscoll and Troutman is prosecuted from that part of the judgment which orders and adjudges that the receiver pay to the plaintiff. Orville M. Collins, the sum of $1,171.63 from the proceeds of the sale of the grain raised on this land, and which was delivered to him as receiver, appointed by the court to take charge of the crop.

The court found that the Browns still had an interest in the crop to be grown to the extent of $1,072, balance of the purchase price for the summer-fallow and implements sold by them to Troutman, together with interest thereon amounting to a total sum of $1,171.63. The court concluded, as a matter of law, that under the provisions of sec. 3406, the mortgagee of the crop was entitled to recover to the extent of the interest still retained therein by the mortgagor. The evidence in the case fully sustains the finding of fact, and the conclusion of law is clearly justified under the statute.

We conclude, therefore, that the judgment from which the cross-appellants have appealed should be *affirmed,* and it is so ordered.

The judgment as rendered and entered by the trial judge will therefore stand as the judgment of the court, and is affirmed in all respects, and the entire costs of both appeals will be divided equally between the appellant Collins on the one side and the cross-appellants Driscoll and Troutman on the other.

Stewart, C. J., and Sullivan, J., concur.

Petition for rehearing denied.