G. M. CARLTON BROS. & CO. v. HOPPE. (No. 5909.)

(Court of Civil Appeals of Texas. Austin. March 27, 1918. Rehearing Denied June 12, 1918.)

1. TRIAL ☞48—RECEIVING EVIDENCE INADMISSIBLE AS TO COPARTY.

A deed will be admitted in evidence, where it is admissible against one of the defendants, although it may be inadmissible as to another defendant.

2. LANDLORD AND TENANT ☞330(1)—LANDLORD'S LIEN—FAILURE TO RECORD.

A contract giving landlord as rent a share of the crops grown by tenant on the rented farm need not be recorded to give third persons notice of landlord's interest therein; a landlord's lien being created by statute.

3. LANDLORD AND TENANT ☞332 — LANDLORD'S LIEN—CROPS—PURCHASER—BURDEN OF PROOF.

In action by landlord against purchaser of crops on which he has a landlord's lien, purchaser has burden of proving himself to be innocent purchaser.

4. CHATTEL MORTGAGES ☞138(3) — CROPS — PRIORITY—LANDLORD'S LIENS.

Where chattel mortgage is executed upon future crops, and mortgagor subsequently sold land, remaining in possession as tenant under agreement to give landlord a share of the crops as rent, the landlord's lien for rent is prior to mortgagee's lien; the mortgage becoming effective upon growing of crop, but only as to mortgagor's interest therein.

Appeal from Coryell County Court; J. J. D. Cobb, Special Judge.

Action by Will Hoppe against T. W. Burge

and G. M. Carlton Bros. & Co. Judgment for plaintiff, and defendant last named appeals. Affirmed.

Mears & Watkins and J. W. Stinnett, all of Gatesville, for appellant. McClellan & McClellan, of Gatesville, for appellee.

KEY, C. J. On the 30th day of November, 1915, T. W. Burge was indebted to G. M. Carlton Bros. & Co., a private corporation, to the extent of about $320, and on that date he executed a chattel mortgage to secure Carlton Bros. & Co. as to the indebtedness already existing, and such as might thereafter accrue. The mortgage covered four head of horses, three head of cattle, and a cotton crop to be grown by Burge during the year 1916 on about 150 acres of land. On the 18th day of April, 1916, Burge and his wife, by deed duly executed, conveyed the land upon which the crop was to be grown to Will Hoppe, and on the same date a written contract was entered into by the terms of which Burge became the tenant of Hoppe, and continued to occupy and cultivate the land as such upon an agreement by which Hoppe was to have one-third of all the grain and one-fourth of all the cotton produced on the land during the year 1916, except the cane patch, consisting of 3 or 4 acres. Thereafter Carlton Bros. & Co., which was engaged in the mercantile business, continued to sell merchandise to Burge until about the 1st of September, when Tom Carlton, the general manager of the corporation, was apprised of the fact that Burge had sold the farm to Hoppe, and that the latter was claiming a prior lien for rent. Thereafter Carlton Bros. & Co. bought from Burge the cotton raised by him upon the farm, and applied the agreed price therefor as credit upon Burge's account, and refused to recognize Hoppe's right to any portion thereof. On November 16, 1916, Hoppe brought this suit against Burge and Carlton Bros. & Co., and at a trial before the court, without a jury, he obtained a judgment for $243.82, and the defendant Carlton Bros. & Co. has appealed.

[1-3] The first assignment of error complains of the action of the court in overruling appellant's objection to the admission in evidence of the deed from T. W. Burge and wife to the plaintiff. The only proposition submitted under that assignment is that, where the federal law requires that before a deed can be properly recorded it must have certain canceled revenue stamps upon it, a deed placed on record without such canceled stamps upon it would not be notice to a third person. The deed, as well as the rent contract, was certainly admissible in evidence as against the defendant Burge, and therefore the other defendant had no right to have it excluded. Furthermore, a landlord's lien for rent is created by the statute, and it

is not necessary that the same should be placed upon record to give notice to third persons; also, in this case appellant's mortgage covered other property besides the crop, and the proof does not show such facts as would entitle appellant to plead estoppel against appellee. If it be conceded that appellant sold goods to Burge without any knowledge of the fact that he had sold the land to appellee, still there is no proof that it would not have done so in reliance upon its other security, even if it had known of the existence of such sale. Besides, the deed and rent contract were admissible against both defendants; and, if appellant claimed protection as an innocent purchaser, the burden of proof rested upon it on that issue, and appellant was not entitled to have the deed excluded.

Under the second assignment the contention is made that the court erred in permitting the plaintiff to introduce in evidence the rental contract between him and Burge; the contention being that it was not admissible as against appellant, because it was not a party thereto and had no knowledge of the same. That proposition is unsound, and that assignment is overruled.

[4] Under appellant's third and last assignment of error three propositions are submitted, all of which present the contention that, as appellant's mortgage was executed and recorded prior to the sale of the land to appellee, the former's right as mortgagee is superior to appellee's right as a landlord lienholder. The proof shows that very little, if any, of the crop had been planted at the time Burge and his wife conveyed the land to appellee, and the former became the tenant of the latter. This and the other facts already stated bring the case within the principle announced and applied in Ivy v. Pugh, 161 S. W. 939, in which the Ft. Worth Court of Civil Appeals correctly held that the landlord's lien was superior to the lien of a third party, though the latter was created by an instrument executed prior to the accrual of the rights of the landlord. We approve the following excerpts from that case:

"It is well settled in this state that a chattel mortgage executed upon property not in existence may become operative, if the property covered subsequently comes into the possession of the mortgagor. This, however, is not upon the ground that the execution of such instrument creates at the time a valid lien upon the thing mortgaged, for in the supposed case the thing mortgaged is not in existence, and necessarily there can be no lien against it. It is rather upon the equitable principle of estoppel, or, as it is sometimes expressed, that the subsequent acquisition of the property feeds the mortgage. * * * Appellee's mortgage lien became effective upon the planting and growing by defendant, Pugh, of the crop embraced in its terms; but it was effective only to the extent of the interest owned by said Pugh in the crops. Pugh could in no event convey a greater title than he had, which, under the operation of our landlord's lien act, * * * was one subject to the lien of the landlord for rents. In other words, he never acquired an absolute title to the property previously mortgaged, but only a qualified title. So that the mortgage [in controversy], in the very nature of things, could only operate upon the limited ownership of the mortgagor."

No reversible error has been shown, and the judgment is affirmed.

Affirmed.