(December 20, 1922.)

## J. B. BARNHARDT, Appellant, v. NETTIE HANSEN, Formerly NETTIE TOWNSEND, and Her Husband, OLE HANSEN, Respondents.

[211 Pac. 438.]

REFORMATION OF DEED—WHEN ANSWER CONCLUSIVE.

 1. In an action to reform a deed, where the defendant answers by way of cross-complaint and alleges that said deed of conveyance, though absolute in form, was executed and delivered with the intention by both parties that it should be a mortgage, and it appears from the instrument that the description of the premises intended to be conveyed is incomplete, affirmative allegations in the cross-complaint to this effect are conclusive evidence that the defendant intended to execute a conveyance of the premises.

 2. Where a deed is drawn with the intention of carrying out a previous agreement to convey real property, and by mistake of the scrivener such instrument does not carry out such intent, equity will correct the error and reform the deed to conform to the intention of the parties, where such intention clearly appears from the entire record.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to reform a deed. From judgment for defendant, plaintiff appeals. *Reversed.*

William Edens, for Appellant.

Wherever an instrument is drawn with the intention of carrying into execution an agreement previously made, but which by mistake of the scrivener, whether as to law or fact, does not fulfil the intention, but violates it, there is ground to reform the instrument. (35 Cyc. 910.)

In general, a misdescription in a deed will be corrected and without hesitation where the mistake is apparent on the face of the deed. (34 Cyc. 936.)

The case is strengthened where the grantee goes into possession under the deed containing an erroneous description. (34 Cyc. 937.)

A conveyance which omits the name of the county and state in which the lands to be conveyed are situated may be reformed. (*Greene v. Dickerson,* 119 Ala. 346, 72 Am. St. 920, 24 So. 422; 18 C. J. 413; *Collins v. Brown,* 19 Ida. 360, 114 Pac. 671.)

Baird & Davis, for Respondents, file no brief.

LEE, J.—This is an action to reform a deed. It appears that about October 30, 1915, respondent Nettie Hansen, who was then Nettie Townsend, executed to appellant a warranty deed, wherein the property intended to be conveyed was described as:

"All that certain lot, piece or parcel of land situate, lying and being in the County of Bannock, State of Idaho, bounded and more particularly described as follows, to-wit: The Southerly one half of Lot Four (4) and the Northerly one half of Lot Five (5), Block 266, containing 4200 square feet more or less, according to the government survey made thereof, and returned to the United States Land Office by the Surveyor General."

The complaint alleges that the description is incomplete and does not conform to the intention of the parties, in that it fails to describe the premises as being within the town site of the city of Pocatello, and also that the description, in order to be definite and certain, should have been by metes and bounds, and prays that the deed be reformed in this respect. It is further alleged that appellant has sought to have respondent execute a quitclaim deed, properly describing the premises intended to be conveyed, but that respondent has refused to do so except upon the payment of an additional consideration.

Respondent demurred to this complaint, which demurrer was overruled, and she then filed a pleading designated as "answer and cross-complaint," wherein she denies the mate-

rial allegations of the complaint, but affirmatively alleges that it was the intention of the parties to the instrument that it should be a mortgage instead of an absolute conveyance, the allegation being that she:

" . . . . executed and delivered to plaintiff a warranty deed in fee simple of said premises described in paragraph One of plaintiff's complaint, which deed, though absolute in form, was intended by both plaintiff and defendant to be a mortgage only, and to stand as security for the repayment of said indebtedness as aforesaid, and to serve no other purpose."

Upon issues thus joined, the court after hearing evidence entered findings and conclusions to the effect that respondent had executed the instrument in question, but that the description therein contained had not described any premises, and that plaintiff had failed to show that it was the intention of the grantor to convey the premises attempted to be described, and further, that the defendant had failed to prove that this deed was intended to be a mortgage. As a conclusion, the court held that appellant was not entitled to have the instrument reformed, nor was respondent entitled to have it declared a mortgage, and dismissed both the complaint and cross-complaint. From the judgment dismissing the complaint this appeal is taken. Of the errors assigned, only the third need be considered, which is to the effect that the findings, conclusions and judgment are contradictory and inconsistent with the pleadings and the evidence, and insufficient to justify the judgment of the court refusing to reform this deed.

The evidence shows that at the time of the execution of this deed, it was the intention of the grantor to describe property in the town site of the city of Pocatello, but by inadvertence the words "city of Pocatello" were omitted from such description, and it further appears that a more definite and certain description requires that it be by metes and bounds. The evidence is not controverted that the omission in the description of the words "city of Pocatello" was a clerical error, and that appellant went into

possession of the premises and has continued in possession ever since. But if there was not sufficient support in the evidence to sustain the finding, the affirmative allegations in the cross-complaint, wherein respondent seeks to have this deed declared a mortgage instead of an absolute conveyance, would be conclusive evidence as to the intent of the grantor to execute a valid conveyance of the premises in question.

In view of this state of the pleadings, the description inserted in the deed is not so defective in form as to render the deed incapable of reformation to meet the agreement of the parties, made at the time the instrument was executed. The rule is well established that where a deed is drawn with the intent to carry out a prior agreement to convey property, but by mistake of the scrivener does not fulfil such intention, equity will correct such error by reforming the instrument to conform to the intention of the parties. (*Christensen v. Hollingsworth*, 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Collins v. Brown*, 19 Ida. 360, 114 Pac. 671; 34 Cyc. 910.) Particularly is this true where the omission is apparent on the face of the instrument itself, or where the grantee, as in this case, has gone into possession under such instrument of conveyance. (34 Cyc. 936, 937.)

We think it clear from the record in this case that appellant is entitled to reformation of this deed, in accordance with the allegations of the complaint. The cause is therefore reversed and remanded, with instructions to the trial court to enter such decree in accordance with the views herein expressed. Costs awarded to appellant.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.