Argued at Pendleton, October 28; affirmed December 17, 1929;
costs taxed January 14, 1930

## THE UNITED STATES NATIONAL BANK OF LA GRANDE *v.* FLORA L. WRIGHT ET AL.

(283 Pac. 1)

For appellant there was a brief over the names of *Messrs. Cochran & Eberhard* with oral arguments by *Mr. Geo. T. Cochran* and *Mr. Colon R. Eberhard.*

For respondents A. H. York and Atlantic Investment company there was a brief over the names of *Messrs. Phelps & Burdick* and *Mr. Frank C. McCulloch* with an oral argument by *Mr. McCulloch.*

For respondent, Haines Commercial company, *Messrs. Nichols, Hallock & Donald.*

*Mr. Fred J. Meindl* in propria persona.

This is a suit to foreclose a mortgage upon real and personal property, executed on the 9th day of August, 1925, by F. F. Wright and Flora L. Wright, his wife, in favor of Mary E. Hathaway, to secure the

payment of four promissory notes aggregating $2,400. No question is involved concerning the right of plaintiff to a decree of foreclosure covering the real property. The controversy arises as to whether the alleged mortgage lien attaches to certain crops grown upon the real property described in the mortgage. It was provided that the crops produced upon said premises during the years 1926, 1927, 1928, and 1929 were included in the mortgage. On March 3, 1927, Wright and his wife sold and conveyed the premises to Fred J. Meindl. The proceeds from the crops grown in 1926 and 1927 were applied as part payment on notes due. Subsequent to the conveyance to Meindl crops were planted in the fall of 1927 and harvested in 1928 by the defendant Quincy Miller, a tenant of Meindl. The landlord's share was stored by the tenant with the Haines Commercial company, a corporation engaged in the warehouse business. On September 20, 1928, Meindl sold and conveyed the land and crops to the defendant A. H. York, president of the defendant Atlantic Investment corporation, improperly pleaded as Atlantic Investment company. The grain was deposited by the tenant in the name of the plaintiff bank and defendant Meindl, as both claimed title thereto. The trial court rendered a decree in favor of the bank permitting it to foreclose its mortgage upon the real property, but refused to declare that the mortgage lien attached to the crops grown in 1928. It further held that the defendant Atlantic Investment corporation acquired title to such personal property by reason of the conveyance from Meindl to York, and that the defendant Haines Commercial company was entitled to enforcement of its lien on account of storage.

Plaintiff bank appeals from that part of the decree not in its favor.

The precise question is whether a mortgage lien attaches to crops planted after the mortgagor parts with title to the premises upon which they are grown and has no interest in the crops when planted or produced. Did Meindl have a right to sell the crops to York free and clear of the mortgage lien created by the Wrights? York, acting for the Atlantic Investment corporation, does not contend that he was an innocent purchaser. He was aware of the existence of the mortgage and knew that the bank claimed a lien on the crops purchased. It is his contention that at the time of the sale no lien existed.

■ It is well settled that a chattel mortgage on crops to be thereafter sown and raised on the land of the mortgagor constitutes no lien on the land and will attach only to such interest as the mortgagor has in the crops when they come into being: Jones on Chattel Mortgages (5 ed.), § 143a; *Bouton v. Haggart,* (Dak.) 50 N. W. 197; *McMaster v. Emerson et al.,* 109 Iowa 284 (80 N. W. 389); *Simmons v. Anderson,* 44 Minn. 487 (52 N. W. 47); *Collins v. Brown,* 19 Idaho 360 (114 P. 671); *Snerly v. Stacy et al.,* 174 Ark. 978 (298 S. W. 213).

As stated in the case last cited:

"Mortgages on crops to be grown in the future constitute no lien on the land upon which they are to be produced and the lien formerly did not attach to the crop until it came in esse. The lien then attaches only to such interests as the mortgagor may have in the crop at that time."

In *Lord v. Lava Hot Springs St. Bank,* 44 Idaho 316 (256 P. 761), the rule is thus set forth:

"While the lien of a chattel mortgage upon a crop to be sown and grown will attach to such crop when sown or caused to be sown by the mortgagor, it will

not attach to crops sown by others, except in so far as the mortgagor has or retains interests in the crop."

In *Isbell v. Slette,* 52 Mont. 156 (155 P. 503), it is said:

"A chattel mortgage upon crops thereafter to be planted can not operate as an incumbrance on the land where the crops are to be grown, and therefore in the present instance Isbell, after the execution of this mortgage and before any crops were planted, might have sold his homestead to a third party, and the purchaser could not have been held bound by the mortgage, and a lessee is in no worse situation. This rule is followed by the great weight of authority and commends itself to our judgment."

We are not unmindful of the fact that *Collins v. Brown,* supra, is a decision based upon an Idaho statute, but, even so, in our opinion, the statutory provision is merely declaratory of the common law rule.

In the case at bar it appears from the complaint that the mortgagors conveyed the real property in question long prior to the time when the crops were planted by Meindl's tenant. Furthermore it is shown from the evidence that they never thereafter came into possession or ownership of the land or crops. When Meindl sold the crops to York the mortgagors had no interest in the same or in the land upon which they were grown.

■ We see no merit in the contention of plaintiff that there was a contract between Meindl and the bank to the effect that the mortgage should be considered as a lien upon the crops. At best the correspondence between Meindl and the bank can be considered only as declarations against the interest of the party making them. There is nothing in the record to indicate an intention on the part of Meindl to create a lien on the crops which he sold. The last paragraph of the bill of

sale is significant in that it provides: "This conveyance is subject to any claim which any mortgagee may have on said property because of an attempt to mortgage future crops grown upon said premises by Flora L. Wright and F. F. Wright."

In view of what has been said it is not deemed necessary to consider other assignments of error. Under the pleadings there was a clear-cut issue as to title to the crops in controversy. There was no occasion for the defendants York and the Atlantic Investment corporation to allege affirmatively that they claimed title to this property, as innocent purchasers, and the authorities cited by appellants concerning that rule of pleading are not in point.

The decree of the lower court is affirmed.

AFFIRMED. REHEARING DENIED.