## J. B. PURDIE v. CARL O. LEKVE.
## FIRST STATE BANK OF BELTRAMI, INTERVENER.[1]

April 4, 1930.

No. 27,731.

*Ole J. Vaule* and *William P. Murphy,* for appellant.

*L. S. Miller,* for intervener-respondent.

[1]Reported in 230 N. W. 266.

HOLT, J.

The case was tried to the court and findings made in favor of intervener. Plaintiff appeals from the order denying his motion for a new trial.

The facts are not in dispute. Shortly stated they are: On December 31, 1924, L. G. Howser, the owner of a 160-acre farm in Polk county, this state, executed a chattel mortgage to the intervener upon one-third of the crop to be sown and harvested during 1925 to secure the payment of promissory notes in the sum of $606.09, which mortgage was duly filed in the register of deeds office of Polk county on January 2, 1925. On March 30, 1925, Howser leased the farm to Richard Schendel for the cropping season of 1925 for $350 payable October 1, 1925, according to a negotiable promissory note executed by Schendel to Howser, which lease contained a chattel mortgage provision mortgaging all crops grown on the farm during 1925 to secure the payment of said promissory note. The lease was filed for record in said register of deeds office on June 1, 1925. Prior to April 15, 1925, Howser sold, indorsed and transferred the said note to plaintiff, who acquired it in due course of business for value with no notice of the existence of the chattel mortgage to the intervener except such as would be imparted by its record. The lien on the crops reserved by the lease has never been released, and no part of the note has been paid. Richard Schendel raised and harvested crops during the year 1925 on the farm so leased to him which he sold to defendant Lekve of the value of $350. Lekve had no actual knowledge of the lease when he purchased the grain.

Upon these facts the learned trial court concluded that intervener was entitled to judgment against Lekve and not plaintiff, on the theory that Howser impliedly warranted to the intervener his ownership of one-third of the crop, and that, even though intervener's chattel mortgage never actually attached thereto, intervener succeeded to Howser's right to the one-third by operation of law.

The note sold and indorsed to plaintiff carried with it, without a formal assignment, the chattel mortgage contained in the lease. Tweto v. Horton, 90 Minn. 451, 97 N. W. 128. Hence plaintiff was

in position to sue Lekve, the purchaser of the crops from the tenant, the maker of the note, in conversion. Could the intervener likewise sue Lekve in conversion? If it could not, judgment should not have been ordered in its favor; for an intervener can assert no other right or obtain no other relief against a defendant as intervener than he could as plaintiff. This is not saying that intervention was improper, for it protects defendant from being accountable to two different parties for the conversion of the identical property. That Howser owned the land where these crops grew is of no importance, for the lien of a chattel mortgage on crops to be grown attaches only to the interest the mortgagor may have in the crops when they come into being. Simmons v. Anderson, 44 Minn. 487, 47 N. W. 52; Christianson v. Nelson, 76 Minn. 36, 78 N. W. 875, 79 N. W. 647; State Bank of Stephen v. Farmers Grain Co. 174 Minn. 531, 219 N. W. 871.

In the instant case the mortgagor who caused the crops to be planted and come into being was Schendel, the tenant in possession of the land. Schendel was the one who harvested and sold them to Lekve. It seems perfectly clear that had Schendel paid the rent in advance, or had the note not been secured by the chattel mortgage in the lease, intervener's chattel mortgage would never have attached to the crops Lekve purchased. Again by what right could intervener have claimed the crops while they remained in Schendel's hands? It had no interest in the promissory note or debt which was secured by the chattel mortgage in the lease. It had no assignment from Howser to any interest in said note or debt. Intervener would have the court enforce an equitable lien on the crops, but is met by the proposition just adverted to that there was no distinct appropriation of these crops to the payment of the debt secured by its chattel mortgage, while there was to the debt held by plaintiff. National Surety Co. v. Winslow, 143 Minn. 66, 173 N. W. 181. When Schendel sold the crops to Lekve he transferred title clear of all liens save that of the chattel mortgage contained in the lease then held and owned by plaintiff in virtue of his ownership of the $350 note. The case of Ash Creek State Bank

v. Zwart, 158 Minn. 100, 196 N. W. 935, does not aid intervener, for the clauses in the lease there involved were construed not to be a chattel mortgage.

Plaintiff acquired the rent note and its security in good faith for value and without actual knowledge of intervener's chattel mortgage. The record of the latter was not constructive notice to plaintiff, for the mortgagor through whom plaintiff claims was Schendel, and the chattel mortgage records disclosed no prior chattel mortgage to the one given by him in the lease or any other disposition of the crops. Isbell v. Slette, 52 Mont. 156, 155 P. 503.

The order is reversed and the case is remanded with directions to amend the findings in conformity herewith and enter judgment in favor of plaintiff for the value of the crops which the court found defendant converted.