## ZEIGLER v. CITIZENS' BANK OF VENUS.

### No. 1568.

Court of Civil Appeals of Texas. Waco.
Feb. 14, 1935.

Rehearing Denied March 7, 1935.

R. A. Kilpatrick, of Cleburne, and Lem Wray, of Waxahachie, for appellant.

Irwin T. Ward, of Cleburne, for appellee.

ALEXANDER, Justice.

In 1931 B. C. Kelly purchased from one Barnes a tract of land in Johnson county, and as a part of the consideration executed and delivered to the Citizens' Bank of Venus a note secured by a vendor's lien on said land. Presumably the bank advanced a part of the funds necessary to purchase said land. At the same time Kelly executed a deed of trust on said land to secure the payment of said note. Both the deed and deed of trust were promptly recorded. Thereafter, in October 1932, Kelly, by parol agreement, rented said land to tenants for the year 1933 for a share of the crop, on the usual one-third and one-fourth basis. In November, 1932, Kelly, for a valuable consideration and by a written bill of sale, assigned to Mrs. J. P. Zeigler the rents contracted to be delivered to him by said tenants for the use of said land for the year 1933. During the same month, Kelly defaulted in his payments to the bank, and thereafter, on February 7, 1933, the trustee named in said deed of trust, after due notice, sold said land under the powers given in said deed of trust, and the bank became the purchaser. The tenants, to whom Kelly rented said land for the year 1933, broke the land and prepared same for planting prior to the sale under the deed of trust, but did not plant any crops thereon until after said sale. Said tenants remained on the land and made a crop for the year 1933. The bank brought this suit against said tenants to recover the landlord's share of the crops made on said land for the year 1933. Mrs. Zeigler intervened and claimed said rents under her assignment from Kelly. The tenants, by agreement of the parties, deposited the rents with the clerk of the court, subject to the outcome of this suit, and disclaimed further interest therein. The trial court in a trial without a jury found that the bank was entitled to recover said rents. Mrs. Zeigler appealed.

Simplified, the material question to be determined is whether Mrs. Zeigler is entitled to the rents off of said land for the year 1933, she having purchased the right thereto from Kelly at a time when he was the owner of the land but after he had mortgaged the land to the bank; or whether the bank is entitled to said rents, it having foreclosed its lien and become the owner of the land before any of the crops had been planted, but after the rental contract had been made, and after an assignment of the rents to Mrs. Zeigler.

█ █ It seems to be a well-established rule in this state that growing crops may be con-

structively severed from the land by a sale thereof, and that, if the owner of encumbered land sells his interest in crops growing thereon prior to a consummation of the foreclosure proceedings, the purchaser will acquire good title to such crops. Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284; Bówyer v. Beardon, 116 Tex. 337, 291 S. W. 219; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Roth v. Connor (Tex. Civ. App.) 25 S.W.(2d) 246; Red River Nat. Bank v. Summers (Tex. Civ. App.) 30 S.W.(2d) 726; McKinney v. Williams (Tex. Civ. App.) 45 S. W. 335; Brown v. Leath, 17 Tex. Civ. App. 262, 42 S. W. 655, 44 S. W. 42; 29 Tex. Jur. 1002; 11 C. J. 444; 41 C. J. 624, 1000; 19 R. C. L. 628.

It is also well settled that such owner may sell his interest in crops yet to be planted upon such encumbered land, and that, if such crops actually come into existence before such owner's interest in the land is divested by foreclosure proceedings, the purchaser will acquire a good title to the owner's interest in such crops. Richardson v. Washington, 88 Tex. 339, 31 S. W. 614; Millingar v. Foster (Tex. Com. App.) 17 S.W.(2d) 768; Security Mortgage & Trust Co. v. Gill, 8 Tex. Civ. App. 358, 27 S. W. 835; Lombardi v. Shero, 14 Tex. Civ. App. 594, 37 S. W. 613, 971; Sanger Bros. v. Hunsucker (Tex. Civ. App.) 212 S. W. 514; South Texas Implement & Machine Co. v. Anahuac Canal Co. (Tex. Com. App.) 280 S. W. 521; 9 Tex. Jur. 121.

This latter rule is based on the familiar equitable doctrine that, if one sells property which he does not then own but afterwards acquires, he will be held to have acquired such title for the use and benefit of his vendee, and as a consequence equity will pass the title on to his vendee. In such case the vendor is estopped to claim title to such after-acquired property as against his vendee. Richardson v. Washington, 88 Tex. 339, 31 S. W. 614; 9 Tex. Jur. 121.

It must be remembered, however, that, while such a sale or a mortgage of property not in esse is valid as between the parties thereto from the date of its execution, it does not attach to the property intended to be covered thereby until such property comes into existence, and necessarily it can then attach to such interest only as the vendor may have at the time the property comes into existence. Jones on Mortgages (8th Ed.) vol. 1, § 207, 209. Crops do not come into existence until they have been planted. Consequently it has become a well-established rule that, if one sells or mortgages his potential interest in an unplanted crop, and afterwards loses his right to such crop prior to the time the crop is planted, his vendee or mortgagee acquires no interest therein. Ivy v. Pugh (Tex. Civ. App.) 161 S. W. 939; G. M. Carlton Bros. & Co. v. Hoppe (Tex. Civ. App.) 204 S. W. 248; McKelvy v. Gugenheim (Tex. Civ. App.) 208 S. W. 757; Williams v. King (Tex. Civ. App.) 206 S. W. 106; Snerly v. Stacey, 174 Ark. 978, 298 S. W. 213; Isbell v. Slette, 52 Mont. 156, 155 P. 503; Simmons v. Anderson, 44 Minn. 487, 47 N. W. 52; McMaster v. Emerson, 109 Iowa, 284, 80 N. W. 389; Third Nat. Bank v. Kniffen, 143 Wash. 434, 255 P. 378; United States Nat. Bank v. Wright, 131 Or. 518, 283 P. 1; State Bank of Stephen v. Farmers' Grain Co., 174 Minn. 531, 219 N. W. 871; Louis v. Hansen, 205 Iowa, 1216, 219 S. W. 523.

In the case at bar, Kelly had mortgaged all his interest in the land to the bank long prior to the date of the assignment of the rents to Mrs. Zeigler. This mortgage or deed of trust was of record, and Mrs. Zeigler was charged with notice thereof. She took her assignment of the rent with notice that Kelly might lose his interest in the land through foreclosure proceedings prior to the time the crops came into existence. The assignment of the rents was sufficient to vest in Mrs. Zeigler such title as Kelly might thereafter acquire in the crops to be planted on said land, and, if such crops had come into existence before Kelly lost his title to the land, he would have acquired an interest therein and equity would have passed that interest on to Mrs. Zeigler by virtue of the provisions of her previous assignment from Kelly. But Kelly lost his title to the land before the crops came into existence, and hence he never acquired any interest in such crops that could be passed on to Mrs. Zeigler by the operation of such equitable principles. To apply the rule here contended for by appellant and allow her to recover the rents sued for would, in effect, authorize a mortgagor, after having pledged his property as security for a loan, to assign the rents to accrue therefrom for any number of years in the future and thus strip the property of all beneficial interest and leave the mortgagee, upon foreclosure of his lien, with nothing but the naked title to the property. Manifestly this would be unfair. We are of the opinion that the trial court correctly held that Mrs. Zeigler acquired no right to the rents in question.

The judgment of the trial court is affirmed.