232 P.2d 136

# EGUS v. TRIUMPH MIN. CO. et al.

## No. 7668.

Supreme Court of Idaho.

May 16, 1951.

Rehearing Denied June 18, 1951.

Frank L. Benson, Henry F. Reed, Boise, for appellant.

E. B. Smith, Boise, for respondents.

PORTER, Justice.

Felix Egus, claimant and appellant herein, sustained a leg injury January 6, 1944, in Blaine County, while in the employ of respondent, Triumph Mining Company. Claimant duly filed with the Industrial Accident Board his notice of injury and claim for compensation on January 10, 1944, and his petition for hearing on March 9, 1946. Respondents filed their answer on September 10, 1946. A hearing before the Industrial Accident Board was held on the 25th and 27th of September, 1946, and resulted in an award to claimant made and entered October 12, 1946.

On January 5, 1948, claimant filed an application for modification of the award made on October 12, 1946. It will be noted

that this application was filed one day prior to the expiration of the four-year period for filing such an application for modification as provided by Section 72–607, I.C. By such application claimant alleged, among other things:

"I. Claimant alleges that since such award was made his physical condition has changed, in that he now suffers a much greater degree of pain in his back and legs and that he cannot move or use his legs and back to the extent that he could at the time at the said award was made.

"II. Claimant is advised and therefore alleges on information and belief that his condition will become progressively worse and that his disablility will increase in the future.

"Claimant does not ask for an immediate hearing on this application but files the same in order that he may not be barred from the compensation to which he will be entitled for the increase in the disability resulting from his permanent injury and also for compensation to which he will be entitled in the event he becomes totally disabled for work."

On May 11, 1948, respondents filed a petition for hearing on such application, and made demand upon claimant to report for physical examination at the office of local physicians. On July 30, 1948, respondents filed answer to the application for modification.

Apparently, on August 13, 1948, Mr. Frank L. Benson attorney for claimant, received a letter from Leo H. Houtz, member of the Industrial Accident Board, stating that the board was ready to hear the case during the week beginning August 30. Mr. Benson, in reply, wrote a letter to Mr. Houtz suggesting that he was presently not in touch with his client and stating further, "However, irrespective of whether or not he can be found I should like to protest the setting of his case at this time. When the case was first heard the evidence showed that he was afflicted with arthritis and that his condition was gradually becoming worse. It is my opinion that it will only be a matter of time until he becomes totally disabled; and I cannot see how it can in any way be fair to require that the hearing be held at this time when his disability is not as great as it will ultimately become."

For reasons not disclosed by the transcript, no further action was taken in the matter until January 24, 1950, when the case was finally set for hearing by the Industrial Accident Board for February 3, 1950, at 10 o'clock A. M., at the offices of the board in Boise, Ada County. Due notice of the time and place of hearing was given to Mr. Benson as attorney for claimant. It thus appears that the time fixed for the hearing was more than six years after the accident and more than two years after the application for modification was filed.

At the time fixed for the hearing, counsel for respondents appeared but neither claim-

ant nor his counsel appeared. After waiting one hour, upon motion of counsel for respondents, the board entered its order dismissing claimant's application for modification of award. During the course of his motion, respondents' counsel introduced in evidence a letter from Fred A. Pittenger and M. B. Shaw, physicians and surgeons, dated May 19, 1948, wherein they stated the results of their examination of claimant on that date and that claimant "is still surgically healed as stated, and there apparently has been no change in his condition." On April 28, 1950, claimant filed a petition to set aside the order of dismissal. On May 9, 1950, claimant filed notice of appeal from the order of dismissal.

By his first assignment of error, appellant alleges that: "The Industrial Accident Board erred in setting this matter for hearing for the reason that the 'Aplication for Modification' shows that appelant's disability is gradually increasing and it would be unfair to require that compensation be based on his disability as of the time the 'Application for Modification' was filed." Section 72–607, I.C., reads as follows: "On application made by any party within four years of the date of the accident causing the injury, on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or award, and on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded, subject to the maximum and minimum provided in this act, and shall state its conclusions of fact and rulings of law, and immediately send to the parties a copy of the award, but this section shall not apply to a commutation of payments under section 72–321." Under the provisions of said section, the Industrial Accident Board cannot indefinitely postpone the hearing on an application for modification of award. McCall v. Potlatch Forests, 67 Idaho 415, 182 P.2d 156; Wanke v. Ziebarth Const. Co., 69 Idaho 64, 202 P.2d 384. Appellant did not file any objection to the setting of the matter for hearing on February 3, 1950. He did not file a motion to vacate the setting and for a continuance. He made no showing whatever in support of his now alleged right to a further postponement of the hearing. The board did not err in setting the matter for hearing on February 3, 1950.

Appellant urges that the board erred in setting the matter for hearing upon the respondents' "Petition for Hearing" filed May 11, 1948, for the reason that such petition was not filed until more than four years had elapsed after the date of the accident. Respondents' petition for hearing was not an original application for a review of the award under the provisions of Section 72–607, I.C. It was simply an application to have appellant's petition for modification set down for hearing. Appellant's contention is without merit.

Appellant contends that the board erred in setting the hearing in Ada County

for the reason that Section 72–604, I.C., requires that the hearing be held within the county where the accident occurred. The record discloses that in the original proceedings the cause was set for hearing in Blaine County and that the parties entered into a stipulation authorizing the Industrial Accident Board to reset the matter for hearing at its offices in Boise. The continuance of the stipulation was not challenged and appellant filed no objection to the setting of the hearing on the application for modification at the offices of the board in Ada County. We find no error in this respect. Hamlin v. University of Idaho, 61 Idaho 570, 104 P.2d 625; Knight v. Younkin, 61 Idaho 612, 105 P.2d 456.

Appellant urges that the board erred in proceeding with the hearing without a showing that appellant had received notice of the same. The record shows that due notice of the time and place of the hearing was given to Mr. Frank L. Benson and such notice is admitted. Mr. Benson was the attorney for appellant in the original proceedings and filed appellant's application for modification. He was appellant's attorney of record. Service upon his attorney of record was due service upon appellant. Section 12–501, I.C.; Collins v. Brown, 19 Idaho 360, 114 P. 671.

Appellant challenges the order of dismissal for the reason that only two members of the Industrial Accident Board heard the matter and that the compensation law makes no provision for a hearing by less than a full board. It was not error for a majority of the board to hear and decide the matter. Bishop v. Morrison-Knudsen Co., 64 Idaho 806, 137 P.2d 963.

Appellant takes the position that the board erred in failing to make findings of fact and in entering its order of dismissal for the reason that no competent evidence to support a dismissal was introduced. The order of dismissal was in the nature of a default judgment entered by reason of the failure of appellant or his attorney to appear and prosecute his application for modification. The burden of proof was upon appellant and in the absence of such proof, the board was entitled to enter a judgment of dismissal. There were no facts upon which the board could make findings. The introduction in evidence by respondents of the report of Doctors Pittenger and Shaw as a precautionary measure was unnecessary to support the order of dismissal.

The record does not disclose any action by the board upon appellant's petition to set aside the order of dismissal. Such petition, although a part of the transcript, is not within the scope of this appeal from the order of dismissal.

The order of the board dismissing appellant's application for modification of award is affirmed. Costs to respondents.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.