LUTHER VERBECK, Appellee, v. W. J. PETERS, Appellant.

**CONTRACTS: Landlord and Tenant—Lease—Construction—"General Expressions Followed by Special Enumeration"—When General Rule Nonapplicable.** The rule of construction that "a general word or clause followed by other words of specific or particular enumeration ordinarily includes no more than the things specifically mentioned" has no application (a) when the writing fairly demonstrates that such was not the intention of the parties, (b) when the application of the rule works absurd results, or (c) when the general expression and the particular enumeration can both be given force and effect without inconsistency. In instant case, *held*, general rule not applicable.

PRINCIPLE APPLIED: The general clause of a lease provided: "Lessee agrees to pay the yearly rent of one-half of all crops raised on aforesaid land and $5 per acre for pasture," followed immediately by a *particular* clause, viz., "payable as follows: one-half of the small grain . . . and one-half of the corn . . . ." The lease also provided that the landlord's share should be "delivered . . . into bins and cribs on said premises furnished by lessor. . . ." The lease further provided: "Rent of pasture land to be paid . . . out of oat crop receipts; that all work land not in grass shall be put in grain and for any work land not in grain lessee shall pay lessor five dollars per acre." *Held*, the *particular* clause did not limit the rent for the meadow (hay) land to $5 per acre, but that the *general* clause fixed such rental as "one-half" of the hay.

*Appeal from Grinnell Superior Court.*—HON. P. G. NORRIS, Judge.

MONDAY, JUNE 21, 1915.

ACTION brought in equity by a lessor to enjoin his lessee from removing or selling crops and other property from the

leased premises and for other relief.    Decree for plaintiff
and defendant appeals.—*Affirmed.*

*Bray, Shifflet & Wilkie,* for appellant.

*Rayburn & Lyman,* for appellee.

WEAVER, J.—Plaintiff leased to defendant a part of the
Northeast Quarter of Sec. 32, Township 80, Range 15, for the
year beginning March 15, 1913.   The provision of the written
lease fixing the amount of rental to be paid
is in the following words:

1. CONTRACTS :
landlord and
tenant : lease :
construction :
"general ex-
pressions fol-
lowed by spe-
cial enumera-
tion" : when
general rule
non-applicable.

For rent for said premises, lessee cove-
nants and agrees to pay said lessor the yearly
rent of *one-half of all crops raised on afore-
said land—Dollars,—*payable as follows: *One-
half* of the small grain raised on said land,
and *one-half* of the corn raised thereon, and *five dollars per
acre of and the sum of* for pasture land,—*and* *in said part of
the for hay land and northeast quarter of above described
land* and in addition to work and pay the road tax on said
premises each year during said term.

The crop to be divided according to the usual custom,
*the lessor to pay for one-half of all seed used on said land,
and for one-half of all fees for thrashing all small grain raised
on said land, and for one-half of binding twine used in har-
vesting oats on said land,* and quality as well as quantity to
be considered, and the share of lessor to be securely stored
and cared for on said land and delivered as follows:
*Into bins and cribs on aforesaid premises, furnished by
said lessor.*   That all small grain shall be stacked and threshed
before November 1st of each year, and all corn picked and in
crib before December 15th of each year; that notice of thresh-
ing shall be given lessor at least a week prior to the day of
threshing.    The cash rent to be paid as follows: *Rent of
pasture land to be paid soon after thrashing, out of oats crop
receipts;* that all work land not in grass shall be put in grain,

and for any work land not in grain lessee shall pay lessor *five Dollars per acre.* *For pasture land (as above).*

The lease was written upon a printed form, a part of the printed matter being erased in the manner above indicated, while that part of the quotation in italic indicates the words written into the blank form before it was signed by the parties.

This action was begun December 13, 1913. In the first count of the petition, plaintiff states that he has received his full rental share of the small grain and corn raised on the premises, but that there is still unpaid the cash rent on the pasture land and the rental share of the hay crop and that defendant has removed and threatens to remove the crops and other property without the payment of such rent. The claims set up in another count of the petition are not involved and we need make no further reference thereto.

The defendant denies that plaintiff is entitled to any share in the hay crop and says he is not bound under the terms of the lease to pay a share rent for the hay land, but to pay cash rent at the rate of five dollars per acre, and is ready and willing to make payment on that basis. The trial court found for plaintiff upon this issue and held that the stipulation for cash rent applied only to the pasture land. From this ruling, the defendant has appealed.

The one question we have to consider is the proper construction of the lease and to decide whether the stipulation by which the lessee undertook to pay "the yearly rent of one-half of all crops raised on the aforesaid land" includes rent for the hay land, or whether this provision is so modified or limited by the rest of the writing as to exclude the hay crop and to make the rent for hay land payable in cash at five dollars per acre.

While the lease is in some respects awkwardly drawn, we think, when read as a whole, there can be little doubt of its real meaning, and that the conclusion arrived at by the trial court is inevitable. In the first place, the agreement is

to pay "one half of all crops raised on the land," and assuredly hay is a crop in the usual and accepted sense of the word.    To avoid this point, it is urged that the words following the phrase, "payable as follows: one-half of the small grain, one-half of the corn and five dollars per acre for the pasture land," without specific mention of the hay crop, bring the provision within the rule by which a general word or phrase followed by other words of specific or particular description is ordinarily held to include no more than the things thus specifically mentioned.    That such is the rule in a proper case must be admitted, but it is not of universal application; for if the writing, when taken altogether, fairly demonstrates that such was not the intention of the parties, or if the application of the rule will necessitate an absurd or unreasonable result, it will not be applied.    Moreover, it has no proper application where both the general expression and the particular description or enumeration can be allowed to stand without repugnance or inconsistency.    In other words, if reasonable effect can be given to both, each is to have effect according to the usual and approved usage of our language. See for example Bishop on Contracts (Ed. of 1887), Sec. 409; *German Fire Ins. Co. v. Roost,* 55 Ohio St. 581; *Wood v. Lindley,* 40 N. E. 283; *Corwin v. Hood,* 58 N. H. 401; Pollock's Contracts, 436 and 437 (Ed. of 1878).

The general provisions for rents are one-half of all crops raised on the land and five dollars per acre for pasture.    The particular recital is that the lessee shall pay the lessor one-half the small grain and one-half the corn to be divided according to the usual custom and delivered in bins and cribs furnished by the lessor.    This it will readily be seen is not inconsistent with the general declaration that the lessor shall have one-half of all the crops.    The omission of any reference to the hay crop in this connection may render it doubtful where the lessee should deliver the landlord's share of the hay, but involves the previous clear and specific declaration that the lessor shall share in all crops in no uncertainty.

Both can stand and both be enforced without inconsistency. If we were to accept and apply the rule relied upon by appellant, the necessary effect of it would be to relieve the defendant from all legal obligation to pay anything whatever, either crop or cash, for the use of the meadow land, unless we are to go farther and arbitrarily hold that the undertaking to pay five dollars per acre "for the pasture land" is capable of a construction broad enough to include the meadow land, which is nowhere specially mentioned in the lease. No rule or authority for such a stretch of the court's power is cited by counsel and we doubt if any can be found. The intent to lease all the land described therein and that defendant shall, in one form or another, pay rent on all the land is too clear for any doubt. The final clause in the above quotation from the lease is very evidently intended to prevent the possibility of a loss of rent in some form by the neglect or refusal of the defendant to cultivate and raise grain of some kind on all the land under actual cultivation; and if he shall fail to do so and permit any of the cultivated area to lie idle or unused, he is required to pay five dollars an acre therefor. There is nothing in the record suggesting such a failure, and this clause has no effect upon the rights of the parties as stipulated in the earlier part of the paragraph so as to except the meadow land from the provision for the payment of a rental share of all crops.

The defense cannot be sustained and the judgment below is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.