[No. 18744.   Department Two.   March 10, 1925.]

KENNEWICK SUPPLY & STORAGE COMPANY, *Appellant,* v. A. O. FRY *et al., Respondents.*[1]

CHATTEL MORTGAGES (3)—PROPERTY SUBJECT—GROWING CROPS—STATUTES—CONSTRUCTION. Under Rem. Comp. Stat., § 3779, allowing the mortgaging of "growing" crops, and crops before the seed thereof shall have been sown or planted for not more than one year in advance, a chattel mortgage upon an apple crop for two years in advance is void as to the last year.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered March 7, 1924, upon sustaining a demurrer to the complaint, dismissing an action to foreclose a chattel mortgage. Affirmed.

[1]Reported in 233 Pac. 658; 236 Pac. 808.

*Moulton & Jeffrey,* for appellant.

*C. L. Holcomb,* for respondents.

*Kimball & Blake, P. D. Smith,* and *T. T. Grant, amici curiae.*

MITCHELL, J.—On March 11, 1922, A. O. Fry executed and delivered a chattel mortgage to the Kennewick Supply & Storage Company, Incorporated, "on all the crop of apples now growing or to be grown during the crop season of the years 1922 and 1923," on lands specifically described in the mortgage, in Benton county, to secure the payment of the purchase price of certain supplies to be furnished, and that were furnished, to the mortgagor by the mortgagee during the year 1922. On the——— day of April, 1923, A. O. Fry executed and delivered to the American Security Bank a chattel mortgage covering the 1923 crop of apples on the same premises. Each of these mortgages was duly acknowledged, had attached to it an affidavit of good faith, and was seasonably filed for record.

This action was brought to foreclose the mortgage first above described on the crop of apples grown in the year 1923. The amended complaint sets up the foregoing facts and alleges it to be a fact, and demands judgment, that the lien of the second mortgage is inferior to that of the first one. A demurrer on the part of the second mortgagee, the American Security Bank, to the amended complaint was sustained, and the plaintiff, refusing to plead further, has appealed from a judgment dismissing the action.

The sole question in the case is whether appellant's mortgage of March 11, 1922, is valid as against the rights of the respondent under its chattel mortgage of April, 1923, upon the crop of apples raised by the mortgagor in the year 1923.

The statute, § 3779, Rem. Comp. Stat. [P. C. § 9759], provides:

"Mortgages may be made upon all kinds of personal property, and upon the rolling stock of a railroad company and upon all kinds of machinery, and upon boats and vessels, and upon portable mills, and such like property, and upon growing crops and upon crops before the seed thereof shall have been sown or planted: Provided, that the mortgaging of crops before the seed thereof shall have been sown or planted, for more than one year in advance, is hereby forbidden, and all securities or mortgages hereafter executed on such unsown or unplanted crops are declared void and of no effect, unless such crops are to be sown or planted within one year from the time of the execution of the mortgage."

It is alleged in the amended complaint that, in the year prior to the date of appellant's mortgage, buds had formed on the fruit trees which after July 1, 1922, developed into what are known as fruit spurs, and that in the spring of 1923, prior to the date of the mortgage to the respondent, "the fruit buds and blossoms had developed from the fruit spurs and the crop of 1923 was produced from such buds and blossoms." Therefrom it is argued on behalf of the appellant that on March 11, 1922, the date of its mortgage, the crop of 1923 had a potential existence sufficient to make it property that could be properly covered by a chattel mortgage. If necessary, it could with equal propriety be said, we think, that earlier than 1922 when the tree was growing the limbs on which the apples were borne in 1923, or when it was nursery stock, it contained the rudiments of the crop of 1923.

Generally in support of its contention the appellant cites a number of decisions from other states. An examination of them, and others they lead to, shows an apparent contrariety of opinion, more apparent than real because of the inquiry in some cases being limited

to the rights of the parties to the chattel mortgage under the doctrine of equitable lien, or they were cases wherein there had been a severance of the crops prior to the rights of the subsequent or attaching creditor. But those cases, with rare exceptions, if any, are not influenced by statute law and deal with kinds of crops that are the result of annual cultivation and labor, such as wheat, corn, oats, etc., as distinguished from those that are the natural growth of the land, such as trees and fruit—the first being generally considered personalty, the latter realty.

Our statute on chattel mortgages is general. It says that they may be made on all kinds of personal property, and then it gives a list of kinds that have a present existence. It then says, "and upon growing crops and upon crops before the seed thereof shall have been sown or planted," with the proviso as to crops grown from seed sown or planted that the mortgaging for more than a year in advance is forbidden. Taking this language according to the common understanding, it manifestly means to give and limit the right of the mortgaging of crops to those kinds that are growing, with the exception that crops which are grown from seed that are sown or planted, and as to them they may be mortgaged not more than a year in advance. As applied to crops other than those raised from seed that are sown or planted, the statute does not say crops growing next year; nor does it say that the mortgaging thereof may be at any time not exceeding one or more years prior to the year in which the crop grows; nor does it say some future crop to be grown next year or thereafter upon the tree or bush now in existence, but it says plainly, "upon *growing* crops."

The very language of appellant's mortgage recognizes the difference. It says: "All of the crops of ap-

ples *now growing* or to be *grown."* It speaks of more than one crop, those of 1922 and 1923. It speaks of crops now growing and to be grown. As applied to this kind of crop, the words "growing crops" must be held to relate only to crops grown and harvested the year the chattel mortgage is given.

From the pleadings in this case, as well as the briefs and arguments of counsel, it appears that the respondent Perham Fruit Company is situated with reference to the property in controversy and the merits of this case similar to that of the American Security Bank, although its relation is not so clearly defined as that of the other respondent. We treat and consider the case, however, as if there were no question about the rights of each respondent being the same as against the appellant.

Judgment affirmed.

TOLMAN, C. J., MAIN, FULLERTON, and MACKINTOSH, JJ., concur.

## ON REHEARING.

[*En Banc.*   June 22, 1925.]

PER CURIAM.—Upon a rehearing *En Banc,* the court adheres to the Departmental opinion heretofore filed herein, and the judgment of the trial court is therefore affirmed.