## CARROLL v. GENERAL NECESSITIES CORPORATION.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — FARM LABORER.

One employed by a trucking company to care for its horses during the winter in a barn erected by it on the farm of another was not a farm laborer within the meaning of the workmen's compensation act (2 Comp. Laws 1915, § 5424), and, therefore, was entitled to compensation for injuries received while so employed; said employer not being interested in the farm or its operation.[1]

Certiorari to Department of Labor and Industry. Submitted January 8, 1926.   (Docket No. 77.)   Decided March 20, 1926.

Tracey Carroll presented his claim for compensation against the General Necessities Corporation for an accidental injury in defendant's employ.   From an order awarding compensation, defendant brings certiorari.   Affirmed.

*William Henry Gallagher*, for appellant.

*Peter L. Jorgenson* and *LeRoy Payne*, for appellee.

SNOW, J.   The defendant comes into this court by certiorari to the department of labor and industry to review the findings of the commission by which it was held that the plaintiff was entitled to the benefits of the workmen's compensation act.   The plaintiff, while in the employ of the defendant, was injured by being pressed against a latch on a barn door by a horse belonging to the defendant.   The barn had been erected on the farm of one David Brown, at Rochester, Michigan, by the defendant, for the purpose of stabling

---

[1]Workmen's Compensation Acts, C. J. § 38.
Who are farm laborers within meaning of workmen's compensation acts, see notes in L. R. A. 1917D, 147; L. R. A. 1918F, 202.

its horses during the winter months, the defendant, among other things, being engaged in the trucking business in the city of Detroit, where the horses were used during the summer. The horses did no work on the farm whatever, and the defendant had no interest in the farm or its operation. Brown, the owner of the land, had permitted the barn to be erected on his farm by the defendant for the use of the fertilizer accumulated by the storage of defendant's horses.

The plaintiff had first worked for about three days for the defendant in Detroit, driving truck, and was then transferred to the barn in question solely to look after defendant's horses. He was to feed and water them and clean the barn, each horse having a separate stall which it occupied at all times. He had no other duties to perform and did not work on the farm or have anything whatever to do with it. In fact, the defendant had nothing to do with the farm and its only interest therein was the use of the barn and the ground it occupied. Plaintiff continued in this work for about three months immediately preceding his injury.

It is the contention of the defendant that at the time of the injury to the plaintiff he was a farm laborer within the meaning of section 5424, 2 Comp. Laws 1915, and as such is not entitled to the benefits of the workmen's compensation act. No other question is before the court.

Defendant relies upon the following decisions:

*Bates* v. *Shaffer*, 216 Mich. 689; *Coleman* v. *Bartholomew*, 175 N. Y. App. Div. 122 (161 N. Y. Supp. 560) ; and *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577. These cases, because of the great disparity in facts between them and the case at bar, cannot be held to be controlling. The distinction is at once apparent. In those cases the employee was engaged in some form of work upon a farm which was necessary to be done

in its general operation.   In the case at bar the defendant was not engaged in farming, and it did not own or operate the farm upon which its barn stood. Plaintiff was not employed to do anything on the farm in connection with the farm itself.   He was an employee of the defendant working in this barn where he had been sent by the defendant to take care of its horses temporarily there, his employment prior to this with the defendant being that of a teamster.   Unless it can be said that the fact that defendant's barn, in which plaintiff did his work, was in the country made him a farm laborer, he was clearly not within the class as contended for by the defendant.   By no possible stretch of the imagination can the plaintiff be regarded, under the facts disclosed in this record, as a farm laborer.

The decision and award of the commission is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.