(No. 4481. May 21, 1927.)

TWIN FALLS BANK & TRUST COMPANY, a Corporation, Respondent, v. A. L. WEINBERG and A. T. HARMON, Copartners Doing Business Under the Firm Name and Style of WEINBERG & HARMON, Appellants.

[257 Pac. 31.]

CHATTEL MORTGAGES—"PERSONAL PROPERTY"—"FRUCTUS INDUSTRIALES" PROPER CARE OF MARKETABLE CROPS—LIEN HELD VALID—EVIDENCE —LIABILITY OF PURCHASERS OF CROP.

1. Apple crop is personal property, within C. S., sec. 5326, not real property as defined by section 9456, and subject to chattel mortgage, in absence of statute; such crop being *"fructus industriales,"* in that it requires annual pruning, spraying and cultivation, as differentiated from *"fructus naturales,"* or crops produced by powers of nature alone.

2. It is common knowledge that apple and other fruit trees require annual pruning, spraying and cultivation in order to produce marketable crops.

3. That apple crop was to be grown but not sown in the future did not defeat lien of chattel mortgage thereon, under C. S., sec. 6373, since mortgagor may mortgage future acquired property, and lien of mortgage on crops to be grown in the future is valid when they come into existence particularly in view of legislative intention, as shown by Sess. Laws 1885, p. 74, Sess. Laws 1897, p. 7, that mortgages on future crops were not to be limited to kind described in statute.

4. Crop sown but not yet grown or harvested is proper subject of chattel mortgage, if mortgagor, at time of giving mort-

gage, has ownership or right to continued possession of the soil, since he has the potential interest in crops grown.

5. Conflicting evidence in action against purchaser of mortgaged property as to understanding placed on mortgage by parties *held* to support finding that provision therein that mortgage covered all crops estimated to consist of approximately certain named crops included also apple crop not mentioned.

6. Primarily, the court must ascertain from chattel mortgage itself intention of parties, so far as possible, and give it effect.

7. In action against purchaser of mortgaged property by mortgagee, testimony of mortgagor regarding inquiries made of him by defendant as to whether property was mortgaged *held* properly excluded, since mortgage, being duly recorded, was notice to purchasers.

8. Purchasers of apple crop covered by chattel mortgage are liable in conversion for reasonable value thereof.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action against purchaser of mortgaged property. Judgment for plaintiff. *Affirmed.*

Sweeley & Sweeley, for Appellants.

''Chattel mortgages may be made upon all property, goods or chattels, not defined by statute to be real estate,

Publisher's Note.

4. Chattel mortgage on crops not yet sown, notes 26 **Am. Dec.** 714; 54 **Am. St.** 139; 109 **Am. St.** 520; 5 Ann. Cas. 401; 23 **L. R. A.** 452; 19 **L. R. A., N. S.,** 910. See, also, 5 **R. C. L.** 407.

6. See 6 **R. C. L.** 835.

See Chattel Mortgages, 11 **C. J.,** sec. 50, p. 442, n. 66; sec. 51, p. 443, n. 72, p. 444, n. 73; sec. 55, p. 445, n. 92; sec. 155, p. 492, n. 22, 23, p. 493, n. 25; sec. 164, p. 498, n. 86, 87, 88, 89; sec. 165, p. 498, n. 92; sec. 177, p. 505, n. 79 New; sec. 178, p. 505, n. 91 New; sec. 229, p. 541, n. 57; sec. 342, p. 630, n. 45; sec. 352, p. 636, n. 79; sec. 354, p. 637, n. 86.

Contracts, 13 **C. J.,** sec. 482, p. 521, n. 18; sec. 502, p. 538, n. 3.

Crops, 17 **C. J.,** sec. 3, p. 380, n. 17; sec. 4, p. 380, n. 18, 19, 20, 21, 22, 23.

Evidence, 23 **C. J.,** sec. 1815, p. 64, n. 93; sec. 1979, p. 156, n. 63.

upon growing crops, and upon crops to be sown and grown in the future." (C. S., sec. 6373.)

At common law a mortgage could not be given on property not actually in existence. (5 R. C. L., p. 403, sec. 27.)

Apples do not constitute a crop to be sown and grown. Whether they may in fact have been growing at the time the mortgage was executed is immaterial as the mortgage does not refer to crops then growing. The expression "growing crops" is not synonymous with "crops to be grown," and a mortgage covering growing crops does not cover a crop that had not been planted. (*McCormick v. Farmers Grain & Milling Co.*, 51 Cal. App. 557, 197 Pac. 429.)

"At common law grasses growing from perennial roots are regarded as *fructus naturales*, and while unsevered from the soil, are considered as pertaining to the realty; and the same is true of the fruit of trees and perennial bushes growing from perennial roots." (8 R. C. L., p. 356, sec. 2.)

The word "crops" has a well-established meaning, being synonymous or equivalent to the common-law term "emblements" and neither of them included fruits or perennial trees or shrubs, and it is to be presumed that the term "crops" is used in the statute in the same sense. (*Sparrow v. Pond*, 49 Minn. 412, 32 Am. St. 571, 52 N. W. 36, 16 L. R. A. 103; *State Mutual Ins. Co. v. Clevenger*, 17 Okl. 49, 87 Pac. 583; *Corey v. Struve*, 16 Cal. App. 310, 116 Pac. 975; 8 R. C. L., p. 355, sec. 1, p. 356, sec. 2.)

Where a description in a chattel mortgage of "all household and personal effects" is followed by a specific description of the goods, the latter description limits the former to the property particularly described. (*Kearney v. Clutton*, 101 Mich. 106, 45 Am. St. 394, 59 N. W. 419.)

" 'But' indicates the intention of those who use it to limit or restrain the sense or effect of something which had before been said, and is used only with a view of limiting or restraining the preceding language, and not with a view of enlarging it." (*Stonestreet v. Harrison*, 15 Ky. (5 Litt.) 161; *Leggett v. Firth*, 132 N. Y. 7, 29 N. E. 950.)

"The word 'but' is significant of the purpose to be accomplished. It indicates what follows is an exception to that which has gone before and is not to be controlled by it." (*Western Union Tel. Co. v. Harris* (Tenn.), 52 S. W. 748.)

"Therefore what is said before the word 'but' does not control that which follows it." (*Foreman v. School District,* 81 Or. 587, 159 Pac. 1155, 1168.)

The word "estimated" as it appears in the mortgage in connection with the specific terms of description is not to be construed as meaning the nature, kind or quality of the crops. It refers only to the quantity. (*Biglione v. Bronge,* 192 Cal. 167, 219 Pac. 69; Webster's International Dictionary; Century Dictionary.)

The dispute as to whether the apples were intended to be included in the mortgage should be resolved in favor of the mortgagors. A written contract should, in case of doubt, be interpreted against the party who has drawn the contract. (6 R. C. L., p. 854, sec. 242.)

Bothwell & Chapman, for Respondent.

Apples are "property" upon which a chattel mortgage can be made, under the provisions of C. S., sec. 6373. (C. S., sec. 9444; *Bank of Roberts v. Olaveson,* 38 Ida. 223, 221 Pac. 560; *Wilkerson v. Thorp,* 128 Cal. 221, 60 Pac. 679; 17 C. J. 380; *Cottle v. Spitzer,* 65 Cal. 456, 52 Am. Rep. 305, 4 Pac. 435; *Reeves v. Hyde,* 77 Cal. 397, 19 Pac. 685; *Miller v. Kern County,* 137 Cal. 516, 70 Pac. 549; 5 R. C. L. 355; 131 Am. St. 617, note; 23 L. R. A., N. S., 1218, note; *Fritcher v. Kelley,* 34 Ida. 468, 201 Pac. 1037; 11 C. J. 442; *Adams v. Caldwell Mill. Co.,* 33 Ida. 677, 197 Pac. 723; *Averill Mach. Co. v. Vollmer-Clearwater Co.,* 30 Ida. 587, 166 Pac. 253.)

The finding of fact of the trial judge made on conflicting evidence will not be disturbed on appeal. (*Larsen v. McKenzie,* 41 Ida. 715, 241 Pac. 607.)

"Chattel mortgages may be made upon all property, goods or chattels, not defined by statute to be real estate, upon

growing crops, and upon crops to be sown and grown in the future.'' (C. S., sec. 6373.)

"If a chattel mortgage may be given upon crops to be thereafter sown or caused to be sown, and the crops be thereafter sown, a previous chattel mortgage covering such crops would be valid and enforceable under the provisions of C. S., sec. 6373." (*Bank of Roberts v. Olaveson, supra.*)

"The word 'crop' taken in its most comprehensive sense, includes fruits grown on trees." (*Cottle v. Spitzer,* 65 Cal. 456, 52 Am. Rep. 305, 4 Pac. 435; *Reeves v. Hyde,* 77 Cal. 397, 19 Pac. 685.)

"A crop of fruit requiring periodical expense, industry and attention in its yield is subject to execution as personal property." (8 R. C. L. 355, 356, 357; 131 Am. St. 617, note, and 23 L. R. A., N. S., 1218.)

"*Fructus industriales* belong to the one who, while in possession of the land, has raised them and severed them from the land itself, although it turn out that his possession was without right as against the true owner of the land." (*Fritcher v. Kelley,* 34 Ida. 468, 201 Pac. 1037.)

"A crop is a proper subject of written mortgage at any time after the seed has been planted and irrespective of the amount of labor necessary to be performed by the mortgagor before the fruit of his labor may be reaped. . . . . A crop is held to be a growing one from the time when the seed is placed in the ground." (11 C. J. 442.)

"Chattel mortgages may be made upon growing crops and upon crops to be sown or grown in the future. When duly recorded, such a mortgage is notice to all persons claiming to have acquired rights in or to the mortgaged crop through or under the mortgagor subsequent to the recording of the mortgage." (C. S., sec. 6373; *Shields v. Ruddy,* 3 Ida. 148, 28 Pac. 405; *Pierce v. Langdon,* 3 Ida. 141, 28 Pac. 401; *McConnell v. Langdon,* 3 Ida. 157, 28 Pac. 403; *Adams v. Caldwell Mill Co.,* 33 Ida. 677, 197 Pac. 723; *Averill Mach. Co. v. Vollmer-Clearwater Co.,* 30 Ida. 587, 166 Pac. 253.)

"The word 'estimate' precludes accuracy, and its ordinary meaning is to calculate roughly or to form an opinion

from imperfect data, and the word 'estimate' has no more certainty than the term 'about.'" (*Bautovitch v. Great Southern Lumber Co.*, 129 La. 857, Ann. Cas. 1913B, 848, 56 So. 1026, citing 2 Words & Phrases, p. 2493.)

"Findings of fact made by the trial judge, based on conflicting evidence, will not be disturbed, if the evidence in support of such findings, if uncontradicted, is sufficient to sustain the findings." (*Larsen v. McKenzie*, 41 Ida. 715, 241 Pac. 607.)

VARIAN, Commissioner.—This action is brought by respondent against appellants to recover the value of an apple crop purchased by appellants from one W. A. Claudin, October 15, 1921. In order to secure a promissory note for $1,478.74 and interest, on February 2, 1921, Claudin and wife executed and delivered their chattel mortgage to respondent bank upon the following "chattels located in Twin Falls County, State of Idaho, to-wit: *All crops grown during the season of 1921 of whatsoever nature, but estimated to consist of approximately 12 acres of alfalfa, 3 acres of potatoes, and one acre of onions. Said crops to be grown on Lot One of Section Thirty-one (31), Township Ten (10), Range Seventeen (17) E. B. M.* Said above enumeration and description being intended to cover and include all of said property and all additions and accretions and increase thereof, including wool and the wool to grow on the increase."

The italicized portion of the description quoted is in typewriting; the balance is printed on the mortgage form.

Appellants purchased the entire apple crop for the year 1921, without permission or knowledge of respondent. The purchase price was deposited in the bank to W. A. Claudin's account, and checked out by him in payment of other debts.

Appellants contend that the court erred in holding that the mortgage by its terms covered the apples purchased by them, and advance two general propositions.

First, that an apple crop is not property subject to mortgage under the provisions of C. S., sec. 6373, which reads in part as follows:

"Chattel mortgages may be made upon all property, goods or chattels, not defined by statute to be real estate, upon growing crops, and upon crops to be sown and grown in the future."

It is contended that an apple crop is not "sown and grown," under the terms of the statute, and that in the instant case, the mortgage, being made in February, was not upon a growing crop. If it be considered that the phrase, "to be sown and grown," is not sufficiently broad to include crops to be sown or grown, then the appellants' contention would perhaps be sound, provided the description of crops in this section of the statute is intended to limit the kind of future crops that may be mortgaged to those "sown and grown." If the statute does not so intend, then such mortgage is authorized by the preceding portion of the section, "Chattel mortgages may be made upon all property, goods or chattels not defined by statute to be real estate." Real estate is declared to consist of "land, possessory rights to lands, ditch and water rights," mining claims, that which is affixed to the land, and that which is appurtenant thereto. (C. S., sec. 5325.) The term "real property" is coextensive with lands, tenements and hereditaments, possessory rights and claims. (C. S., sec. 9456.) "Every kind of property that is not real, is personal." (C. S., sec. 5326.)

[1]  That an apple crop is personal property and would be subject to chattel mortgage in the absence of statute is no doubt the modern rule, and notwithstanding earlier decisions to the contrary, we think is supported by the sounder reasoning. Crops were divided into two general classes: *Fructus naturales,* crops produced by the powers of nature alone, and *fructus industriales,* annual crops that must be planted or sown each year, and require the attention of man to produce them, such as planting, necessary manurance, etc. It was formerly held that where "the root or tree was perennial, living for a number of years, the fruit pro-

duced by it while growing was *fructus naturales."* This doctrine now finds little support, and "the correct test to apply is to ascertain whether the annual fruit is produced by the annual labor of man, such as necessary manurance or other industry, or whether the fruit is referable to the industry of man only at the period when its seed or root was first planted, and therefore owes its continued existence to nature. In the former case, the fruits of the plant are *fructus industriales,* although the plants themselves are *fructus naturales.* Of such character are hops, the root from which the vine grows being perennial, but their production necessitating the annual industry of man in making of hills and setting of poles; and peaches, apples, or other fruits cultivated for the market." (17 C. J. 380.)

[2] It is common knowledge that apple and other fruit trees require annual pruning, spraying and cultivation in order to produce marketable crops. We are of the opinion that an apple crop is clearly *fructus industriales,* and, as such, the subject of chattel mortgage.

[3, 4] Nor is the objection that it is a crop to be grown but not sown in the future, a valid objection. The rule has always been, even at law, that a crop sown but not yet grown or harvested, is the proper subject of a chattel mortgage, if the mortgagor, at the time of giving the mortgage, has the ownership or right to the continued possession of the soil, since he has then a potential interest in the crops grown. There is some conflict in the authorities as to whether such potential interest exists in future annual crops, where the seed has not yet been sown (5 R. C. L. 407), but what seems to be the better rule is that the right to the soil gives an existing right to the future potential products of it. (Note, 109 Am. St. 522; Jones on Chattel Mortgages, 5th ed., secs. 140–143; 11 C. J. 443.) This consideration is not material here, because the trees on which the fruit was to be grown being in existence when the mortgage was given, the owner of the soil would have an existing interest in the potential crop under either of those rules. However, under the rule of equity permitting the mortgage of

future acquired property, which has been adopted in this state (*Dover Lumber Co. v. Case,* 31 Ida. 276, 170 Pac. 108), it would seem that in any event, a mortgage upon crops to be grown in the future is valid, and attaches as a lien upon such interest as the mortgagor has in the crops, when they come into existence. A chattel mortgage on crops to be sown or grown in the future under this rule is upheld on the same principle as a mortgage upon goods not owned by the mortgagor. (*McMaster v. Emerson,* 109 Iowa, 284, 80 N. W. 389.)

Nor do we think the legislature intended to limit mortgages on future crops to the kinds described in the statute as "sown and grown." This statute as originally passed merely provided that a chattel mortgage could be made upon all property not defined by statute to be real estate. (Sess. Laws 1885, p. 74.) Under the statute as it then existed, future crops not yet sown were held the proper subject of mortgage. (*Pierce v. Langdon,* 3 Ida. 141, 28 Pac. 401; *Shields v. Ruddy,* 3 Ida. 148, 28 Pac. 405.) Those cases involve the question of priority between the mortgagee under such a mortgage and a third person, the third person in one case being one to whom a purported sublease of the premises had been made after the mortgage was given, and in the other case, the mortgagor's lessor to whom the property had been released after the mortgage was given. In those cases, the sublease and the release were both apparently fraudulent as to the mortgagee, and the mortgage was given priority.

The legislature in 1897 (Sess. Laws 1897, p. 7) added:

"Upon growing crops, and upon crops to be sown and grown in the future; but, should the persons executing mortgages upon crops, to be afterwards sown, fail to sow or cause the same to be sown, no lien, of such mortgages, shall attach to crops sown by other persons upon the lands described in said mortgages, except in so far as the mortgagor in said mortgages have or retain interest in said crops . . . . "

It was perhaps to set at rest a doubt which might have arisen as to what would be the rule if the sublease or

release had been made in good faith, that the amendment was enacted for the purpose of declaring what is no doubt the correct rule, in the absence of statute, that a mortgage on a future crop attaches only to such interest as the mortgagor may have in it when it comes into being. (Jones on Chattel Mortgages, 5th ed., sec. 143a; *Isbell v. Slette,* 52 Mont. 156, 155 Pac. 503; *Simmons v. Anderson,* 44 Minn. 487, 47 N. W. 52; *McMaster v. Emerson,* 109 Iowa, 284, 80 N. W. 389.)

The objection that the crop in question was a crop to be subsequently grown and not to be sown is not valid.

We are aware that the supreme court of Washington, in a recent case, *Stuhlmiller v. Stuhlmiller,* 140 Wash. 175, 248 Pac. 393, construing a statute authorizing a mortgage "upon growing crops and upon crops before the seed thereof shall have been planted," has held void a chattel mortgage executed in November, 1923, on the fruit crop of 1924, against the contention that the crop developed from the buds had formed before the execution of the mortgage. We do not think the reasoning of the opinion in that case, or that quoted from the prior Washington case of *Kennewick Supply & Storage Co. v. Fry,* 133 Wash. 341, 233 Pac. 658, 236 Pac. 808, convincing, or that it should be followed in interpreting our own statute.

[5] It is contended by appellants that the expressions, "but estimated to consist of approximately 12 acres of alfalfa, 3 acres of potatoes, and one acre of onions," following the general statement, "All crops grown during the season of 1921 of whatsoever nature," must be construed as limiting the mortgage to the kinds of property specifically mentioned.

[6] Primarily, it is our duty to ascertain from the contract itself the intention of the parties, so far as is possible, and give it effect. (6 R. C. L., p. 835, sec. 225. See, also, 13 C. J. 521.)

"If the contract, taken as a whole, shows that effect was intended to be given to both the general and the specific term, such effect must be given by the court. If the con-

tract shows that the general words were intended to control, or if an absurd result would follow from permitting the specific words to control, effect will be given to the general words." (4 Page on Contracts, 2d ed., p. 3496.)

See, also, 2 Elliott on Contracts, sec. 1532, pp. 814, 815; *Verbeck v. Peters,* 170 Iowa, 610, 153 N. W. 215.

We have been cited to no case where the description is in language approximating that employed in this mortgage, nor have we found any. Had the mortgage read, "All crops grown during the season of 1921 of whatsoever nature, but consisting of 12 acres of alfalfa, etc.," appellant's argument might have great weight. Here, however, the general statement embracing all crops is followed by, "but estimated to consist of approximately 12 acres of alfalfa, etc." The use of "estimated" and "approximately" shows, we think, the intention of the parties not to limit the kinds of crops to those introduced by "but," which is used in its conjunctive sense. "But," as used here, does not indicate an intention to limit the sense or effect of "all crops of whatsoever nature," which precede it. It serves to introduce a rough approximation, not a schedule or exact enumeration, of what crops were intended to be covered by the mortgage.

As to the understanding placed upon the contract by the parties, the evidence is conflicting, and therefore the finding in that regard will not be disturbed.

[7] It was not error to exclude the testimony of W. A. Claudin regarding inquiries made of him by appellants as to whether the apples were mortgaged.

The mortgage covered the apple crop grown during the year 1921, and the description contained in the mortgage was sufficiently definite to enable appellants on inquiry to identify it. This was enough. The mortgage being duly recorded was notice to appellants, whose purchase occurred after the recording of the mortgage. (*Adams v. Caldwell M. & E. Co.,* 33 Ida. 677, 197 Pac. 723; *Shields v. Ruddy,* 3 Ida. 148, 28 Pac. 405; *Pierce v. Langdon,* 3 Ida. 141, 28 Pac. 401.)

[8]  It therefore follows that appellants are liable in conversion for the reasonable value of the apple crop for 1921, found by the court to be $1,850, having purchased the crop from Claudin after severance, with notice of respondent's mortgage, and without the mortgagee's consent. (*Adams v. Caldwell M. & E. Co., supra.*)

We recommend that the judgment be affirmed.

Johnson and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed.   Costs to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Givens, J., concurs as to the right to mortgage crops to be grown in the future but dissents as to the interpretation of the language of the chattel mortgage construed, holding that the apple crop was not covered thereby.

Petition for rehearing denied.