HAMMONS *v.* FRANZBLAU.

1. STATUTES—CONSTRUCTION—ORDINARY MEANING OF WORDS.
   Words of a statute are to be given their ordinary meaning unless it appears from the context or otherwise in the statute that a different sense was intended.

2. WORDS AND PHRASES—FARM.
   A farm implies some tillage of the soil under natural conditions.

3. EVIDENCE—FRUIT ORCHARD—TILLING OF SOIL.
   It is common knowledge that in Michigan, a fruit-producing State, it is impossible to operate a fruit orchard without tilling the soil.

4. WORDS AND PHRASES—FARM LABOR.
   The picking of apples constitutes the harvesting of a crop produced from the soil and is farm labor in the ordinary sense of the word.

5. WORKMEN'S COMPENSATION—APPLE PICKER AND PACKER.
   Workmen's compensation commission properly found that employee who picked apples and placed them in crates at a fruit farm was a "farm laborer" as that term is used in section of workmen's compensation act excepting such activity from coverage by the act (CL 1948, § 411.2a, as amended by PA 1949, No 238).

Appeal from Workmen's Compensation Commission. Submitted October 4, 1951. (Docket No. 41, Calendar No. 45,080.) Decided December 3, 1951.

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 238.
[2–5] Construction and application of terms "farm", "farming", or the like in zoning regulations. 146 ALR 1201.
　What passes under devise of "farm" or "plantation". 152 ALR 938.
[5] 58 Am Jur, Workmen's Compensation § 97.
[5] Workmen's compensation: Application to employees engaged in farming. 7 ALR 1296; 13 ALR 955; 35 ALR 208; 43 ALR 954; 107 ALR 977; 140 ALR 399.

Moe Hammons presented his claim for workmen's compensation against Herman Franzblau, doing business as Geddes Fruit Farm. Award to defendant. Plaintiff appeals. Affirmed.

*Marcus, Kelman & Loria,* for plaintiff.

*James M. Wienner,* for defendant.

BUSHNELL, J. Plaintiff Moe Hammons agrees with the statement of facts of the workmen's compensation commission.

"Defendant's business is, primarily, that of growing apples and cherries, a portion of which are sold on the premises. The plaintiff's job involved picking apples and placing them in crates, and it is conceded that while so engaged he suffered an injury to his left leg on October 15, 1949."

Defendant Herman Franzblau, doing business as Geddes Fruit Farm, would add to this statement that the commission also found, as a matter of fact, that appellee's "enterprise required fertilizing and tilling of the soil and attention to the growing produce thereof."

The parties agree that the question for decision is:

"Were the plaintiff and defendant subject to the workmen's compensation act?"

The commission held that plaintiff was a "farm laborer," and that since his employer "had not assumed liability for compensation and benefits imposed by this act through the purchase and acceptance of a valid compensation insurance policy on or before plaintiff's injury, the defendant was not subject to the workmen's compensation law on Octo-

ber 15, 1949." The award of the deputy commissioner denying compensation was affirmed.

In 1937, part 7, relating to occupational diseases, was added to the workmen's compensation law. Section 13 thereof (CL 1948, § 417.13 [Stat Ann § 17.230 (2)]) contains this language:

"This act shall not apply to any employer or employee in agricultural industry or in the nursery or orchard business, or to any labor incidental to farming, including repairs on buildings and other property in connection therewith."

When the act became compulsory in 1943, section 2a was added to part 1 (CL 1948, § 411.2a, as amended by PA 1949, No 238 [Stat Ann 1950 Rev § 17.142(1)]):

"This act excepting section 1 hereof shall not apply to employers who regularly employ less than 4 employees at 1 time nor to domestic servants or farm laborers."

Subsequent language provides how such employers may come under the act if they desire.

The primary question for decision is the meaning of the words "farm laborer" as used in section 2a of part 1.

Those Michigan cases which deal with a similar question are of little aid in our determination here because of their wholly different fact situations. See *Shafer* v. *Parke, Davis & Co.,* 192 Mich 577; *Roush* v. *Heffelbower,* 225 Mich 664 (35 ALR 196); *Carroll* v. *General Necessities Corporation,* 233 Mich 541; and *Harper* v. *Lowe,* 272 Mich 331. See, also, cases annotated in 13 ALR 955 and 140 ALR 401.

It is well established that words of a statute are to be given their ordinary meaning unless it appears from context or otherwise in the statute that a different sense was intended. *People* v. *Labbe,*

202 Mich 513, and *Lucier* v. *Pansy Hosiery Co., Inc.,* 286 Mich 585. There is nothing in this statute to indicate that the legislature intended that section 13 of part 7 should have any limiting effect on the normal meaning of the words "farm laborers" in section 2a, part 1.

Horovitz says in "Injury and Death Under Workmen's Compensation Laws" (1944), at page 219: A farm "implies some tillage of the soil under natural conditions." It is common knowledge that in this fruit-producing State of ours it is impossible to operate a fruit orchard without tilling the soil. See *Twin Falls Bank & Trust Co.* v. *Weinberg,* 44 Idaho 332 (257 P 31, 54 ALR 1527). We agree with the commission's conclusion on its review in this respect.

Since the picking of apples constitutes the harvesting of a crop produced from the soil, it is farm labor in the ordinary sense of the word.

The order of the commission is affirmed, with costs to appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.